Segarra Olivero, Juez Ponente
*1399 TEXTO COMPLETO DE LA SENTENCIA
Mediante la presentación del presente recurso de certiorari, se nos solicita revisemos resolución y orden emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, en la cual se declaró sin lugar una moción solicitando la supresión de cierta evidencia. Los peticionarios acuden ante nos solicitando se revoque la resolución recurrida y se ordene al Tribunal de Primera Instancia que celebre vista evidenciaría en donde éstos puedan presentar prueba en apoyo de su moción. Luego de un detenido análisis del recurso instado, este Tribunal entiende que no le asiste la razón a los peticionarios, por lo que se expide el auto solicitado y se confirma la resolución recurrida.
I
Contra los acusados, Carmelo Carrasquillo Meléndez, Germán Méndez Ortiz, Reinaldo Leandry Santiago, e Irving Carrasquillo Meléndez, el Ministerio público formuló acusaciones imputándoles la infracción del Artículo 411-A de la Ley de Sustancias Controladas, 24 L.P.R.A. see. 2411-A. Dichas acusaciones surgieron como resultado de un allanamiento —producto de una orden— efectuado el 21 de octubre de 1993, en la residencia de la co-acusada Nancy Martínez Medina, en la cual se ocuparon 3.1 gramos de cocaína. Dicha orden de allanamiento fue expedida en virtud de una declaración jurada presentada por el agente Hilario Marrero Rivera ante la Juez, Honorable Nereida Cortés, el 14 de octubre de 1993. En la referida declaración jurada se exponía que con motivo de una confidencia recibida el 7 de octubre de 1993, sobre supuestas actividades relacionadas con el tráfico ilegal de drogas, el Agente Marrero inició una investigación y prestó vigilancia a una residencia ubicada en Ponce, durante los días 10 y 11 de octubre de 1993, haciendo unas observaciones que conforme su criterio, corroboraban la información recibida en dicha confidencia sobre actividad de tráfico de drogas. 
El 7 de marzo de 1995 los imputados presentaron una moción en solicitud de supresión de evidencia, a tenor con lo dispuesto en la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. II, R. 234. En la misma alegaron, en síntesis que:

"A. La orden de allanamiento es insuficiente de su propia faz, pues los hechos alegadamente observados por el Agente Marrero no constituyen conducta delictiva alguna, ya que éste no declaró haber visto droga o cualquier otro material delictivo.

B. Lo afirmado por el Agente Marrero en su declaración jurada es falso, total o parcialmente, por ser imposible que éste se haya situado en un lugar tan cercano a Nancy Martínez Medina y que en el momento específico en que éste le pasa por el frente oyó cuando la co-acusada Martínez profirió la frase: "Llévale este perico y manteca a Chavier y me traes todo el dinero". En adición, señaló que el testimonio del Agente era uno estereotipado por limitarse solamente a establecer los requisitos mínimos requeridos.

C. La declaración jurada hecha por el Agente Marrero no constituye base suficiente para expedir 
*1400
una orden de allanamiento, pues la misma presenta meras conclusiones o sospechas del agente y no hechos aparentes de la comisión de un delito.

D. Del testimonio del Agente Marrero no se desprende prueba suficiente para establecer causa probable para la expedición de la orden de allanamiento."

El 11 de abril de 1995, el Tribunal de Primera Instancia, Honorable Eliadís Orsini Zayas, emitió orden dirigida al fiscal de distrito en la que le ordenó que expusiera las razones por las cuales no se debía declarar con lugar la solicitud de supresión de evidencia presentada por los acusados-peticionarios.
El 7 de junio de 1995, el Tribunal de Primera Instancia, sin esperar a que el Ministerio público cumpliera con la orden dictada, emitió resolución y orden declarando "Sin Lugar" la solicitud de supresión de evidencia. Concluyó el Tribunal de Primera Instancia que la defensa no había derrotado la presunción de validez que cobija la intervención mediante orden de allanamiento. Entendió que la declaración jurada prestada por el agente Marrero constituyó base razonable suficiente para hacer la determinación de causa probable y expedir la orden de allanamiento. También expuso que el Tribunal podía resolver la moción por las alegaciones, sin necesidad de vista, según lo dispuesto en Pueblo v. Cruz Maldonado,_D.P.R._, 94 J.T.S. 39. Señaló juicio en sus méritos para el 10 de julio de 1995.
Inconformes con esta resolución, acudieron los acusados ante este Tribunal imputando al Tribunal de Primera Instancia haber errado, "...al declarar No Ha Lugar de plano la Moción en Solicitud de Supresión de Evidencia presentada por los acusados-peticionarios, y por consiguiente, al no señalar una Vista Evidenciaría con anterioridad al juicio donde puedan dilucidarse los planteamientos aducidos en la referida moción".
El 1 de septiembre de 1995 emitimos Resolución concediéndole al Procurador General un plazo para que mostrara causa por la cual no debía revocarse la resolución recurrida. El Procurador General ha comparecido. En su escrito alega que para que el tribunal conceda una vista para dilucidar una moción de supresión de evidencia es esencial que el promovente de la misma demuestre que existe una controversia sustancial sobre un hecho esencial o necesario para resolver la moción. Aduce, además, que al estar cobijada la intervención de los agentes del orden público, en virtud de una orden judicial previa, por una presunción de legalidad, la carga para demostrar la irrazonabilidad del registro y la incautación de la evidencia, le compete al promovente. El Procurador General estima que la orden de allanamiento emitida por el Tribunal de Primera Instancia cumple con todos los requisitos estatutarios y constitucionales, ya que de los hechos observados por el Agente Marrero, y de la corroboración de la confidencia recibida, se configuró la causa probable necesaria para la expedición de la orden de registro y allanamiento contra la residencia de la co-acusada Nancy Martínez Medina.
Luego de examinar detalladamente los alegatos de ambas partes, la doctrina y la jurisprudencia aplicable a la cuestión que nos ocupa, coincidimos con los planteamientos esbozados por el Procurador General y entendemos que actuó correctamente el tribunal de instancia al declarar sin lugar la moción de supresión de evidencia sin celebrar vista evidenciaría.
II
La Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap.II, R.234, según enmendada por la Ley Núm. 65, de 5 de julio de 1988, en lo pertinente, dispone:

"La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la regla anterior, la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden o registro es insuficiente de su propia faz.

(c)Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción 
*1401
hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud...." (Subrayado nuestro)
Antes de la enmienda del 5 de julio de 1988, el Tribunal Supremo había resuelto que la celebración de una vista evidenciaria era obligatoria cuando se alegaba en la moción de supresión de evidencia que lo declarado en la declaración jurada era parcial o totalmente falso (según lo dispone la Regla 234(f) de Procedimiento Criminal). La celebración de dicha vista era esencial para adjudicar o dirimir la credibilidad de los testigos que en ella declararan, de manera que el juez pudiese resolver la cuestión de si lo declarado bajo juramento en la declaración, era falso o no. Pueblo v. Bonilla Romero, 120 D.P.R. 92 (1987).
Luego de la aprobación de la referida enmienda, se añadió el requisito de que el promovente de la moción de supresión debía exponer en la misma los "hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la moción". El Tribunal Supremo en Pueblo v. Cruz Maldonado, supra, acogió, como doctrina a seguir, la posición presentada por el Procurador General, para determinar cuándo procede la celebración de una vista evidenciaria para dilucidar una moción de supresión de evidencia. De allí surge la siguiente norma que gobierna la situación de autos, que puede parafrasearse así: el promovente de la moción debe demostrar que existe una controversia sustancial de hechos que haga necesaria la celebración de una vista evidenciaria. En ausencia de esa demostración por parte de la defensa, el tribunal podrá resolver la moción de supresión a base de los escritos presentados por las partes, esto es, sin la celebración de una vista evidenciaria.
En Pueblo v. Cruz Maldonado, supra, se expusieron los propósitos que animaron la aprobación de la referida enmienda a la ley, entre los cuales figuran: (a) promover una más rápida y sana administración de la justicia, y poner al tribunal en condiciones de adjudicar sin mayores dilaciones mociones de supresión que sean frívolas e infundadas; (b) ilustrar al tribunal sobre la controversia a resolver y poner en condiciones al ministerio público de poder refutar las alegaciones de la defensa; (c) hacer cumplir cabalmente al promovente de la moción, en situaciones en que el allanamiento fue expedido en virtud de orden judicial previa, con la obligación que tiene de demostrar que el registro y la incautación de la evidencia fue irrazonable, y, por tanto, ilegal. Pueblo v. Cruz Maldonado, supra; Pueblo v. Vázquez Méndez, 117D.P.R. 170 (1986). 
Establecido que la celebración de una vista evidenciaria para dilucidar una moción de supresión de evidencia no es obligatoria, es menester determinar si la moción presentada por los peticionarios demuestra que "existe una controversia sustancial de hechos" que haga necesaria la celebración de una vista. Este Tribunal entiende que los peticionarios no cumplieron con este requisito.
El allanamiento a que se contiene este recurso producto del cual se ocupó la evidencia que ahora se intenta suprimir, fue realizado en virtud de una orden judicial previa, basada en la declaración jurada ofrecida por el Agente Marrero. De manera que, los promoventes de la moción de supresión tienen el peso de demostrar que el registro y la incautación de la evidencia fue irrazonable e ilegal, por estar cobijada esta actuación de los agentes del orden público por una presunción de legalidad, la cual no fue derrotada por las alegaciones presentadas por éstos. Pueblo v. Vázquez Méndez, supra.
Los peticionarios sostienen que la orden de allanamiento es insuficiente de su propia faz. No les asiste la razón. Un cuidadoso examen de la orden de allanamiento expedida por la Juez Nereida *1402 Cortés, produce certidumbre sobre la validez de dicha orden, a la luz de los requisitos constitucionales y estatutarios que regulan su contenido y diligenciamiento. 
En el inciso (b) de la Moción de Supresión de Evidencia, los peticionarios se limitan a atacar la credibilidad del Agente Marrero, alegando la imposibilidad de la ocurrencia de los hechos narrados por éste y lo estereotipado de su testimonio, sin precisar en qué consiste la falsedad de lo narrado por el agente en su declaración. 
Su contención de que el testimonio ofrecido por el Agente es estereotipado carece de mérito. Reconocemos la norma de que este testimonio debe escudriñarse con especial rigor, máxime cuando este tipo de actividad delictiva se ampara en la clandestinidad. Pueblo v. Almódovar, 109 D.P.R. 117, 120 (1979); Pueblo v. González Del Valle, 102 D.P.R. 374, 377 (1974). No obstante, según se desprende de la orden de allanamiento, el agente ofreció un testimonio completo en el cual particularizó los detalles de la transacción reputada como ilegal, con respecto al tiempo y lugar de las observaciones realizadas; de las personas que participaron en la misma; del vehículo utilizado; también describió específicamente la estructura que fue objeto del allanamiento. Consideramos que este testimonio fue uno completo, convincente y veraz, el cual no puede clasificarse como uno estereotipado. Pueblo v. Alamo Alamo, 116 D. P.R. 673, 679 (1985).
Los otros fundamentos invocados en la moción van dirigidos más bien a atacar la existencia o no de causa probable para expedir una orden de allanamiento, alegando que ésta no estuvo fundada en hechos suficientes que establecieran la comisión del delito, y sí en inferencias hechas por el agente, las cuales no constituyen causa probable. Para determinar si existió o no causa probable es preciso examinar la orden de allanamiento expedida por la Juez Municipal Nereida Cortés. El juez que determina causa probable debe atender sólo la cuestión de si "el deponente tuvo base razonable, al momento de prestar su declaración jurada y haberse librado la orden de registro, para creer que se estaba violando la ley en el lugar a ser allanado; y si los hechos aparentes que se desprenden de la declaración jurada son de tal naturaleza que una persona prudente y razonable pudiera creer que se ha cometido la ofensa imputada..." Pueblo v. Tribunal Superior, 91 D.P.R. 19, 25 (1964); Pueblo v. Bogará, 100 D.P.R. 565, 570 (1972). Meras sospechas no constituyen causa probable, pero tampoco es necesario que el juez quede convencido fuera de duda razonable de que se está violando la ley. Pueblo v. Rivera, 79 D.P.R. 742, 747 (1956).
En Pueblo v. Díaz Díaz, 106 D.P.R. 348 (1977), el Tribunal Supremo estableció que para validar la existencia de causa probable basada en información provista por un confidente se necesita la concurrencia de una o más de las siguientes circunstancias. Estas son: (1) que el confidente previamente ha suministrado información correcta; (2) que la confidencia conduce hacia el criminal en términos de lugar y tiempo; (3) que la confidencia ha sido corroborada por observaciones del agente, o por información proveniente de otras fuentes; y (4) que la corroboración se relaciona con actos delictivos cometidos o en proceso de cometerse. 
En el caso ante nos, la declaración jurada del Agente Marrero recogida en la orden de allanamiento, refleja la concurrencia de los requisitos enumerados anteriormente, por lo que los hechos que se desprenden de la misma daban lugar a que "una persona prudente y razonable pudiese creer que en el lugar a ser allanado se estaba cometiendo la ofensa imputada". El agente recibió información de un confidente que anteriormente le había provisto información positiva relacionada con el trasiego de drogas. La confidencia recibida ofreció detalles relacionados con el tiempo y lugar de la comisión del delito. Esta confidencia fue corroborada personalmente por el Agente Marrero, quien por órdenes del Teniente Manuel Rodríguez Colón, inició una investigación al respecto, y verificó la información recibida en cuanto a los nombres de las personas involucradas, el vehículo utilizado y la localización de la residencia. Posteriormente, éste se personó al lugar de la residencia, junto con otro agente, y de los hechos allí observados corroboró la confidencia recibida sobre los actos delictivos relacionados al trasiego de drogas. No se pierda de vista que la señora Nancy Martínez llevaba varios paquetes y se movía hacia el interior de la residencia; que regresó y le entregó uno de los paquetes a un joven y le dijo "llévale un paquete de este perico y manteca a Chavier y me traes todo el dinero"; que las palabras "perico" y "manteca" son utilizadas para identificar la cocaína y la heroína.
*1403 El tribunal recurrido entendió que las cuestiones planteadas en la moción de supresión de evidencia no demostraron la necesidad de que se celebrara una vista evidenciaría. La moción fue resuelta por las alegaciones, actuación que está permitida bajo la ley y la jurisprudencia vigentes. Señala el Profesor Ernesto Chiesa que la presentación de una moción de supresión de evidencia representa una revisión posterior de la determinación inicial de causa probable que hace el magistrado para expedir una orden de allanamiento o de registro. El juez que revisa una anterior determinación de causa probable debe sólo estimar "si la evidencia considerada en su totalidad, proveía una base sustancial para la determinación de causa probable por el magistrado." Además, entiende que el juez que adjudica una moción de supresión de evidencia incautada mediante previa orden judicial, impugnada por alegada ausencia de causa probable, debe guardar cierta deferencia a la inicial determinación de causa probable que hizo el magistrado que expidió la orden. 
Reiteramos que los propósitos que guiaron la aprobación de la enmienda a la Regla 234 de Procedimiento Criminal, van encaminados a promover una mejor administración judicial mediante la agilización de los procedimientos anteriores al juicio. A la luz de todas las circunstancias concurrentes, la juez de primera instancia estaba en condiciones de resolver el asunto planteado por las alegaciones. Estimamos que actuó correctamente al declarar sin lugar la moción de supresión de evidencia sin la celebración de una vista evidenciaría.
III
Por todo lo anteriormente expuesto, se expide el auto solicitado y se confirma la resolución recurrida, la cual declaró sin lugar una moción de supresión de evidencia.
Así lo pronunció y lo manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Sceretaria General
ESCOLIOS 96DTA25
1. Véase Orden de Allanamiento emitida por la Juez, Honorable Nereida Cortés, Apéndice de la Petición de Certiorari, a la pág. 12.
La orden de allanamiento que obra en el expediente ante nos está basada en una declaración jurada ofrecida por el Agente Hilario Marrero el 14 de octubre de 1993 ante la Juez Municipal Nereida Cortés. Valga señalar que en el expediente no consta la declaración jurada. En dicha orden de allanamiento, en síntesis, se expone lo que relatamos a continuación.
El 7 de octubre de 1993, el agente Marrero recibió una confidencia, de una persona que anteriormente había suministrado información positiva sobre drogas, mediante la cual se le indicó que en la calle Núm. 40, Núm. NN-18, de la Urb. Jardines del Caribe en Ponce, residía la Sra. Nancy Martínez Medina quien estaba utilizando dicha residencia para guardar, vender y contar cocaína y heroína. La señora Martínez tenía un vehículo rojo, tablilla BNU-543, y el mismo era utilizado para llevar droga al residencial Aristides Chavier. Sobre estos hechos se le encomendó una investigación al Agente Marrero.
El 10 de octubre de 1993 el Agente Marrero se dirigió a la referida residencia y localizó la misma, la cual fue descrita detalladamente. También encontró el vehículo rojo con tablilla BNU-543. Luego de corroborar parte de la información ofrecida por el confidente, se marchó. En su investigación también pudo confirmar que la residencia había sido alquilada, bajo el Plan 8, a la Sra. Nancy Martínez Medina. El 11 de octubre, a eso de las 7:00 p. m., se dirigió nuevamente al lugar, junto con otro agente, ubicándose a unos 25 metros de la residencia. Como a las 7:15 p.m.. observaron que llegó el vehículo rojo con varias personas. El Agente Marrero decidió dirigirse a pie por toda la acera para pasar por el lado del vehículo rojo. El agente, describió a la señora que se bajó del auto y a los que se encontraban dentro del mismo. El agente señaló que la señora fue hacia el interior de la residencia, llevando consigo varios paquetes envueltos en papel de estraza. Que al pasar por el lado notó que la señora regresaba donde un joven que se encontraba en el vehículo y oyó cuando ésta le dijo: "Llévale un paquete de este perico y manteca a Chavier y me traes todo el dinero", entregándole un paquete de papel de *1404 estraza a dicho joven. Que las palabras perico y manteca son utilizadas para identificar la cocaína y la heroína. Que luego siguió al vehículo que se dirigió hacia el residencial Aristides Chavier y se estacionó frente al bloque 17. Del vehículo salió un joven llevando consigo el paquete. Que como a los 10 minutos regresó el joven contando billetes, acompañado de otro muchacho. Que éstos se montaron en el vehículo y se dirigieron nuevamente a la antes mencionada residencia.
2. Véase, además, la exposición de motivos de la Ley Núm. 65 de 5 de julio de 1988, la cual enmienda la Regla 234 de Procedimiento Criminal, supra.
3. Véase Artículo II, Sección 10 de la Constitución del Estado Libre Asociado de Puerto Rico; Regla 231 de Procedimiento Criminal, 34 L.P.R.A. Ap.n, R. 231.
4. El Procurador General expone en su alegato la norma establecida por el Tribunal Supremo de Estados Unidos en Franks v. Delaware, 438 U.S. 154 (1978), en relación con lo que debe demostrar el acusado que solicita la supresión de una evidencia, en virtud de que la declaración jurada fue falsamente rendida, para que se le conceda una vista para dilucidar la misma. Allí se enfatizó que las alegaciones de negligencia o errores inocentes son insuficientes para sostener una alegación de falsedad. Es necesario que el promovente haga una demostración preliminar de que la declaración fue falsamente rendida de manera voluntaria e intencional o con "grave menosprecio de la verdad".
5. En Pueblo v. Muñoz Santiago,_D.P.R._(1992), 92 J.T.S. 149, se aclaró que al aplicar esta norma "siempre hemos exigido que la confidencia haya sido corroborada por el agente mediante observación personal o por información de otras fuentes." Con respecto a la corroboración del agente policial, se expuso que para establecer causa probable es suficiente que ésta "indique la presencia de alguna actividad sospechosa del carácter sugerido en la confidencia que unido a ella y a otras alegaciones en la declaración jurada pueda razonablemente constituir causa probable". Pueblo v. Muñoz Santiago, supra.
6. Ernesto Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, Bogotá, 1993, Vol. ni,.
7. Chiesa, supra, a la pág. 310, citando a Massachusetts v. Upton, 466 U.S. 727, 728 (1984).
8. Chiesa, supra, a la pág. 370.